### GARREAU v. GENUA.
### Civ. A. No. 2271.

United States District Court
D. Connecticut.
Oct. 7, 1948.

On Motion to Adopt Report of Special Master Sept. 28, 1949.

574

Nathaniel Frucht, Providence, R. I., for plaintiff.

Michael J. Galullo, Waterbury, Conn., for defendant.

SMITH, District Judge.

This action is brought on two claims: (1) that the plaintiff is the owner of a patent U. S. patent No. 2,431,928 for a machine for making flat coils of wire suitable for use in wristwatch bands, the two claims of which are as follows:

"1. In a coil forming apparatus, a rotatable arbor having spaced wire guide pins extending therefrom, means for feeding a wire to wind over said pins, means for rotating the arbor, and for periodically stopping the arbor rotation to provide dwell intervals, reciprocable plunger mechanism having cam ends adapted to move into engagement with the wire at one pin and to bend the wire about said one pin, and means for reciprocating the plunger mechanism in timed relation to the arbor rotation to contact the cam ends with the wire and produce the wire bending during the dwell intervals.

"2. In a coil forming apparatus, a rotatable arbor having spaced wire guide pins extending therefrom, means for feeding a wire to wind over said pins, means for rotating the arbor, and for periodically stopping the arbor rotation to provide dwell intervals, reciprocable plunger mechanism having cam ends adapted to move into engagement with the wire at one pin and to bend the wire about said one pin, and means for reciprocating the plunger mechanism in timed relation to the arbor rotation to contact the cam ends with the wire and produce the wire bending during the dwell intervals, said reciprocable plunger mechanism including two plungers angularly positioned to engage the wire at each side of said one pin."

and that the defendant's machine infringes the patent; and (2) that whether or not the patent is valid, the defendant is acting in violation of confidence in that he learned the secret of the machine while working with the plaintiff to turn out a commercial model of the plaintiff's device, that he took advantage of the knowledge so gained in confidence to design and manufacture his own device and sell the products of the device in competition with the plaintiff or a corporation, the controlling interest in which is owned by the plaintiff.

The defenses are (1) a denial of the validity of the patent because anticipated by the prior art and lacking in invention; (2) noninfringement; and (3) a right to manufacture because defendant was a coinventor and a partner of plaintiff in the development of the device. Defendant also counterclaims for a one-fifth interest in the device as a partner.

While the plaintiff's witnesses were not impressive and showed some considerable bias because of interest, the preponderance of the evidence, particularly the notarized statement of July 30, 1942, seems to estab-

lish that the plaintiff had perfected the principles of the device prior to calling upon the defendant to assist him in its further development. This appears to be a crucial point in the controversy over the partnership or coinventor rights. Defendant has not presented any clear picture of terms, even tentatively agreed upon, which would give him any share in the invention. Apparently after plaintiff perfected the invention the group worked together to build a commercial model with the expectation that, if it were successful, they could then sit down and agree upon what each should contribute to the formation of a company or partnership for its exploitation and there divide among themselves the ownership of the new enterprise. No agreement appears to have been reached as to the amount of the contributions, either of money or of work, or the ownership of the device, although obviously it was expected that the new organization would have at least the use, if not the ownership, of the device.

Defendant was dissatisfied with the preliminary discussions and left before any definite agreement had been reached, later building his own machine and going into business in competition with the corporation that grew out of the agreement between the others who had participated with him in the development of the commercial model.

 This does not spell out any partnership, nor would it appear to lay the basis for any right of the defendant to use the device himself, for there is no evidence that it was contemplated that any of the individuals, separately, should be given the right to make and use the device outside the contemplated organization. Possibly for his work on the commercial model the defendant might have some claim against either the plaintiff or the corporation on a quantum meruit but, even though his pleadings be considered to set up such a claim, he has furnished no evidence on which the Court could determine either the amount of work done by him or its value.

 None of the cited prior art appears to anticipate the combination shown by the patent, although neither the interrupted gear arrangement for halting the movement of the article being processed in order that a step in the operation upon it could take place while it was not in motion, nor the principle of bending elastic wire around pins beyond a certain angle sufficient to crimp or set it, were new, nor was the use of plungers or hammers to strike the wire in working upon it to set it. What was new was the combination so that during the dwell period the two plungers simultaneously would strike the wire, one from each side about each pin successively, of two or more pins about which it was being wound, to there give it a set and thus make possible the forming of the flat wire bands. Nothing in the prior art approached closely enough to cover such a combination, for striking or rolling upon a mandrel would not give a sufficient overbend or set or obtain the desired flat shape, while striking about the pins succeeded in doing so. Nor can we say that it does not involve invention. It had not occurred to others working upon the problem, and some slight weight must be given to the commercial success that followed its solution.

Although the defendant uses swinging or oscillating members in place of the plaintiff's reciprocating plungers each moving in its own straight line, the purpose is the same and the function is the same,—to pinch the wire about the pin on both sides simultaneously during a dwell period, thus giving the wire a permanent set and enabling the formation of the flat-sided band. Defendant's device must be held a mechanical equivalent of plaintiff's device of the patent.

Nor does the Patent Office history show abandonment of wider language in this regard in order to obtain the patent.

Plaintiff is entitled, therefore, to an injunction against further infringement and to an accounting of profits.

Form of judgment in accordance with this opinion may be submitted on notice.

On Motion to Adopt Report of Special Master.

This action for patent infringement and unfair competition is before the Court on plaintiff's motion to adopt the report of the

Special Master filed April 15, 1949. The principal objection by the defendant is to the allowance of profits prior to December 2, 1947, the date of issue of the patent in suit.

The interlocutory judgment was based on findings for the plaintiff on both unfair competition and patent infringement. Inclusion of profits prior to the date of issue of the patent was proper under the terms of the interlocutory decree.

Nor does any error of which the defendant may complain appear in the Master's determination of profits and attorney's fees.

The report of the Special Master may be adopted. The Master's findings of the amount of defendant's profits, $4,167.-76, and plaintiff's reasonable counsel fees, $3,509.97, may be, and are hereby, adopted as findings of the Court.

The Special Master's fee may be set at the sum of one hundred ($100.00) dollars, to be charged against, and borne by, the defendant.

Form of final judgment for the plaintiff to recover profits and counsel fees and costs in accordance herewith may be submitted by counsel for the plaintiff.